UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD E. QUETANT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1581** |
| **ORLEANS PARISH PRISON** | **SECTION: "F"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Ronald E. Quetant, filed this *pro se* and *in forma pauperis* complaint, pursuant to 42 U.S.C. § 1983, against the Orleans Parish Prison.

On January 10, 2012, the undersigned issued an Order scheduling a conference for February 15, 2012, at 2:00 p.m. Plaintiff was ordered to notify the Court of a telephone number where could be reached for the conference. He was warned that if he failed to participate in the conference, the undersigned would recommend that this case be dismissed for failure to prosecute.[1] Despite that notice and warning, plaintiff failed to provide a telephone number for the conference. On February 15, 2012, at precisely 2:00 p.m., the Court's staff called plaintiff's telephone number of record (504-324-6470) several times; on each occasion, the call was answered by a recording stating: "The number you have reached is not in service." As a result, the conference could not be held.

---

[1] Rec. Doc. 7.

Later that day, plaintiff telephoned the undersigned's chambers and explained that he thought the conference was scheduled for a different day. He also stated that his telephone number had changed. Plaintiff was instructed to notify the Court in writing of his new telephone number and that the conference would be rescheduled.

Plaintiff never notified the Court of his new telephone number. Nevertheless, on February 28, 2012, the undersigned issued an Order stating:

> [T]he telephone status conference is hereby **RESCHEDULED** for **March 28, 2012, at 2:00 p.m.** The Court will initiate the call and will be represented by its Staff Attorney. The purpose of the conference is to determine whether all parties will consent to proceed to trial before the undersigned United States Magistrate Judge and to select a trial date, if appropriate.
>     Plaintiff is **ORDERED** to contact the undersigned Magistrate Judge's chambers at 504-589-7620 **no later than March 26, 2012**, to provide the Court with the telephone number where he can be reached on March 28, 2012, at 2:00 p.m. **If plaintiff fails to do so or fails to participate in the scheduled conference, the undersigned will recommend that plaintiff's claims be dismissed for failure to prosecute.**[2]

Plaintiff never notified the Court of his telephone number in response to that Order. On March 28, 2012, at precisely 2:00 p.m., the Court's staff called plaintiff's telephone number of record (which was the only number for plaintiff available to the Court) several times and was again met with the recording stating: "The number you have reached is not in service." As a result, once again, the conference could not be held.

In light of the foregoing, the undersigned recommends that this matter be dismissed for failure to prosecute. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. <u>Link v. Wabash R.R.</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>,

---

[2] Rec. Doc. 9.

835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, plaintiff has repeatedly failed to comply with this Court's orders that he participate in a conference to discuss whether he would consent to trial before a United States Magistrate Judge and to select a trial date. Due solely to plaintiff's failures, the Court has no way to advance his case on the docket. Accordingly, his complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this  28th  day of March, 2012.

                          **SALLY SHUSHAN**
                          **UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.